*317
 
 Battle, J.
 

 After the repeated cautions given to the prisoner by the examining, magistrate and the officer who. had him in charge, not t© confess, for that if he did, it would be given in evidence against him, and after he had been told that what he had already said could not be admitted against him, we must suppose that his subsequent confessions were free and voluntary. If he were a being of sufficient intelligence to be responsible for crime, he must have understood the reason why the caution was given, and the prudence,, if not necessity, of acting- upon it. Confessions made under somewhat similar circumstances, were received in evidence in the case of
 
 State
 
 v.
 
 Cowan,
 
 7 Ire. Rep. 239, and our opinion is,, that they were properly admitted in the present case.
 

 The only other objection is equally unavailing to the prisoner., The testimony of the examining magistrate, Parker, given to tlie Court, at the instance of the prisoner,.for- the purpose of excluding the confessions.which the Attorney General proposed to prove by the officer, Paucette, was- necessarily heard by the j ury. It was not introduced as evidence to them, and of course, ought not to have been- permitted by them to have any influence upon the result in making up their verdict.. life Honor, nevertheless, fearing that it might have some weight with them, to the- prejudice of the prisoner, called it to their attention in life, charge to them, solely for the purpose- of informing them- that it was not evidence which they liad a right to consider, and that, therefore, they must reject it from their deliberations altogether. The object of liis- Honor was certainly a humane one, and we cannot perceive how his course could have, in any way, prejudiced the cause of the prisoner. That the presiding Judge may notice a fact which transpires in the presence- of the jury, is clearly shown by the -case of
 
 Bailey
 
 v.
 
 Pool,
 
 13 Ire. Rep. 404. There, the jury were told by the Judge that they might consider, as under the circumstances, bearing against the plaintiff the fact that his counsel had put, and immediately withdrawn, a particular question to one of the- witnesses. This Court held that it was not error, “ because it was a fact transpiring in the course
 
 *318
 
 of the trial, brought'before the jury by one of the parties, and in relation to the question under investigation.” A similar instance may be found in the case of
 
 State
 
 v.
 
 Whit,
 
 decided at this term,
 
 ante,
 
 224. It was not error then for the presiding Judge, in the present case, to mention the fact, that testimony, which, according to our mode of conducting trials, must necessarily have been heard by the jury, had been offered to him for a particular purpose. Surely, then, it could not be error for him to tell them, that though they had heard the testimony, it was not evidence for them, and was to be Considered, if at all, for the purpose of weakening the force and effect, of the confessions made to Faucette.
 

 It must be certified to the Superior Court of Halifax, that • there is no error in the record.
 

 Pee CueiaM, Judgment affirmed.