STATE OF NORTH CAROLINA v. LARRY SPENCER EDGERTON

No. 869SC979

(Filed 7 July 1987)

1. **Criminal Law §§ 135.8, 138.14— notice to defendant of aggravating circumstances — question not before court on appeal**

     A defendant charged with first degree murder is not entitled to notice of the evidence the State intends to offer in support of and to prove aggravating circumstances. Whether a defendant convicted of voluntary manslaughter is entitled to notice of aggravating circumstances which the State will attempt to prove was not before the court on appeal where defendant, after he was convicted of voluntary manslaughter, did not move to be apprised of the aggravating circumstances upon which the State would rely.

2. **Criminal Law § 76.7— voluntariness of confession — sufficiency of findings**

     There was no merit to defendant's contention that his confession to a law enforcement officer should have been excluded because the evidence did not support the court's finding that the confession was made at the scene but rather only supported a finding that it was made a couple of days later at the courthouse in violation of his *Miranda* rights.

3. **Criminal Law § 76.5— effect of prior confession on subsequent confession — necessity for hearing and findings**

     The trial court erred in failing to hear evidence and make findings concerning defendant's first confession and its influence on his second confession, the voluntariness of the first confession, and, if involuntary, whether the sec-

ond confession was made under the same prior influence; furthermore, since the second confession was the only confession admitted into evidence, and defendant's testimony contradicted the confession, it could not be said that admission of the second confession without appropriate findings was harmless error. N.C.G.S. § 15A-1443(b).

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 21 April 1986 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 11 February 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John R. Corne, for the State.*

*D. Bernard Alston for defendant appellant.*

GREENE, Judge.

Defendant was indicted for discharging a firearm into occupied property, assault with a deadly weapon with intent to kill inflicting serious injury and first degree murder (N.C.G.S. Secs. 14-34.1, 14-32(a) and 14-17 respectively). He appeals from a jury verdict of guilty of discharging a firearm into an occupied building, assault with a deadly weapon inflicting serious injury and voluntary manslaughter. He was sentenced to a total of 21 years imprisonment.

Defendant's arrest and conviction arise from an altercation in a trailer park located in Franklin County. At trial, the State claimed and defendant admitted he fired a shotgun into the trailer of William Bumpers. Defendant's evidence tended to show he shot into the trailer only after someone in the trailer shot at him. State's evidence tended to show defendant fired the first shot. It also tended to show he stood next to the trailer, broke a window, intentionally thrust the barrel of the shotgun into the interior of the trailer and fired. Fred Alston, Jr., and William Bumpers were both hit with shot from one firing of defendant's shotgun. Alston was also hit a second time. Alston died from his injuries. Bumpers survived.

The issues before us are: 1) whether a defendant for whom the State seeks the death penalty has the right to be apprised of the aggravating circumstances upon which the State will rely at the sentencing hearing and 2) whether the trial court erred in admitting defendant's confession.

I

[1]   Defendant assigns error to the trial court's denial of his pre-trial motion to compel the State to apprise him of the aggravating circumstances it would rely on in seeking the death penalty under N.C.G.S. Sec. 15A-2000. Defendant argues the court's denial violated his constitutional right to due process.

The aggravating circumstances which may be considered during the sentencing phase in a capital case are limited to the eleven listed in N.C.G.S. Sec. 15A-2000(e). In *State v. Taylor*, 304 N.C. 249, 257, 283 S.E. 2d 761, 768 (1981), the Supreme Court held that N.C.G.S. Sec. 15A-2000(e) gave sufficient notice to meet the constitutional requirements of due process and a defendant is not entitled to notice of the evidence the State intends to offer in support of and to prove aggravating circumstances. Thus, under *Taylor*, the trial court in the case before us did not err by denying defendant's pre-trial motion.

While at the time defendant made his pre-trial motion for apprisal he was charged with the capital offense of first degree murder, he was convicted of the lesser included offense of voluntary manslaughter. Voluntary manslaughter is not a capital offense but rather is a Class F felony, N.C.G.S. Sec. 14-18, for which the maximum sentence is 20 years imprisonment, N.C.G.S. Sec. 14-1.1(a)(6), and the presumptive sentence is six years. N.C.G.S. Sec. 15A-1340.4(f)(4).

The list of aggravating circumstances the court can consider in imposing a sentence for a Class F felony include, but are not limited to, those listed in N.C.G.S. Sec. 15A-1340.4(a)(1). After defendant was convicted of voluntary manslaughter, he did not move to be apprised of the aggravating circumstances upon which the State would rely to increase defendant's sentence beyond the presumptive sentence of six years. Therefore, the issue of whether a defendant is entitled to notice of aggravating circumstances which the State will attempt to prove under N.C.G.S. Sec. 15A-1340.4(a) is not before this Court. Defendant's assignment of error is overruled.

II

At trial, defendant objected to the admission of a confession the State contended he made to Franklin County Chief Deputy

Astor Bowden. The court conducted a *voir dire* to determine its admissibility:

Deputy Tommy Perry testified that when he arrived on the scene at Bumpers' trailer, he was told defendant had shot into the trailer. He found defendant at his mother's trailer not far from Bumpers'. Defendant had worked at the local jail in years past and knew Deputy Perry; he complied when Deputy Perry told him he wanted to talk with him and asked him to get into the patrol car. Once defendant had gotten into the car, Deputy Perry asked defendant if he had shot into the trailer. Defendant answered that he had. Deputy Perry then told him not to say anything else and that he needed to talk with Chief Deputy Bowden who was still at Bumpers' trailer. He did not question defendant further but drove him to Bumpers' trailer. During the ride, they both sat in the front seat of the patrol car. At no time did Deputy Perry read defendant the *Miranda* warnings. *See Miranda v. Arizona,* 384 U.S. 436 (1966).

Once at Bumpers' trailer, Deputy Perry left defendant alone in the car and went into the trailer to get Chief Deputy Bowden. When Chief Deputy Bowden came to the patrol car, he sat in the back seat behind defendant and began to advise him of his rights by reading him the *Miranda* warnings. Deputy Perry remained with defendant during this time. His testimony and Chief Deputy Bowden's testimony was that even while the warnings were being read to him, defendant talked about the shooting in great detail. Chief Deputy Bowden testified that defendant told him Fred Alston, Jr., "jumped" him while he was passing by Bumpers' trailer. A fight ensued. After getting away from Alston, defendant went to his brother's trailer nearby and procured a shotgun and Alston also got a gun. Defendant returned to Bumpers' trailer and shouted at Alston to come out. When Alston did not appear, defendant broke a window, stuck the shotgun in and fired. Alston then opened the door and fired at him, upon which defendant fired through the window a second time. Then defendant's brother came up and took the gun from him.

Defendant testified during *voir dire* that when Deputy Perry approached him at his mother's trailer, he told him to get into the car and sit down. Deputy Perry asked him questions and they discussed the shooting and what led up to it. Deputy Perry never

gave him *Miranda* warnings, and after their discussion, they drove to the courthouse where defendant was held in the county jail. He was questioned by Chief Deputy Bowden for the first time one or two days after his arrest. At that time, he was read the *Miranda* warnings, but although he requested an attorney, Chief Deputy Bowden and other police officers continued to interrogate him and he responded.

Following the *voir dire*, the court made the required written findings of fact and conclusions of law. *State v. Moore*, 275 N.C. 141, 153, 166 S.E. 2d 53, 62 (1969). It found the confession had been made to Chief Deputy Bowden at the scene of the shooting and concluded that it had been made freely, voluntarily and knowingly. The confession was admitted into evidence.

Defendant puts forth two arguments as to why the confession to Chief Deputy Bowden should have been excluded from the evidence. He first argues it should have been excluded because the evidence did not support the court's finding that it was made at the scene but rather only supports a finding that it was made at the courthouse in violation of his right to counsel under *Miranda*, 384 U.S. 436. His second argument is that even if the confession was made at the scene, it was nonetheless involuntary.

A

[2] In determining whether the court's findings regarding the admissibility of the confession are supported by the evidence, we are required to consider not only the evidence adduced at the *voir dire* hearing, but all the evidence in the record. *Davis v. North Carolina*, 384 U.S. 737, 741-42 (1966); *State v. McCloud*, 276 N.C. 518, 529, 173 S.E. 2d 753, 761 (1970). The trial court's findings of fact are conclusive on appeal if they are supported by competent evidence in the record. *State v. Massey*, 316 N.C. 558, 573, 342 S.E. 2d 811, 820 (1986).

Defendant raises no issue that the testimony from Deputy Perry and Chief Deputy Bowden concerning where the confession was made was incompetent, he only contends it was inaccurate. There was competent evidence to support the court's finding that the confession was made at the scene of the shooting. We find no merit in defendant's contention that the court should have found the confession was made in the county jail one or two days after his arrest.

B

**[3]** Defendant next contends his confession to Chief Deputy Bowden should have been excluded because it was involuntary. He argues it was the product of a confession he made to Deputy Perry before Chief Deputy Bowden spoke to him in the patrol car and because his confession to Deputy Perry was involuntary, his confession to Chief Deputy Bowden was also involuntary and therefore inadmissible.

The appellate record reveals very little evidence concerning defendant's alleged confession to Deputy Perry. During direct examination, Deputy Perry testified he told Chief Deputy Bowden the defendant "had admitted to me that he was the one that did the shooting at the Bumpers' trailer." There was no objection from defendant's counsel; however, the court interrupted the examination and called counsel to the bench. The bench discussion does not appear in the record, but immediately thereafter, the court struck Deputy Perry's statement from the record.

Any extrajudicial statement of an accused which admits his guilt of an essential part of the offense charged is a confession. *State v. Williford*, 275 N.C. 575, 582, 169 S.E. 2d 851, 857 (1969).

> It is well settled "that where a confession has been obtained under circumstances rendering it involuntary, a presumption arises which imputes the same prior influence to any subsequent confession, and this presumption must be overcome before the subsequent confession can be received in evidence." *State v. Moore*, 210 N.C. 686, 188 S.E. 421 [1936]. The burden is upon the State to overcome this presumption by clear and convincing evidence. *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 [1968] . . . .

*State v. Silver*, 286 N.C. 709, 718, 213 S.E. 2d 247, 253 (1975).

When evidence before the court tends to show a defendant made a confession prior to the confession to which he objects, the court is required to determine whether the defendant made a prior confession and whether it was voluntary. *State v. Silver*, 286 N.C. 709, 213 S.E. 2d 247 (1975). If the court finds there was a prior confession and it was not voluntary, then the court must determine whether the second confession was made under the "same prior influence" which made the first confession involun-

tary. *State v. Edwards*, 284 N.C. 76, 199 S.E. 2d 459 (1973); *State v. Edwards*, 282 N.C. 201, 192 S.E. 2d 304 (1972); *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968). The State must overcome the presumption of "same prior influence" by showing something akin to surrendering the signed written confession to the defendant or informing him that his prior confession will not be used against him. *State v. Edwards*, 284 N.C. at 79, 199 S.E. 2d at 461. When there is conflicting evidence on any of the issues, the trial court is required to make findings; although the better practice is to always make findings. *State v. Biggs*, 289 N.C. 522, 529-30, 223 S.E. 2d 371, 376 (1976).

The record shows defendant confessed to Deputy Perry. There was conflicting evidence of how extensive the confession was and under what circumstances it was made. The court excluded from the jury's consideration the only record evidence of its content, but the record does not provide us with the reason for the exclusion.

It was incumbent on the trial court during *voir dire* to hear evidence concerning the prior confession and its influence on the second confession, make findings of fact and determine if the prior confession was voluntary or involuntary and, if involuntary, whether the second confession was made under the same prior influence. Because the court failed to do this, it is impossible for us to determine whether defendant's confession to Chief Deputy Bowden was correctly admitted. Therefore, we must hold its admission error.

We do not express an opinion whether defendant's confession to Chief Deputy Bowden was voluntary or involuntary. However, defendant would not be entitled to a new trial on the ground that its admission was error, if we can determine here that the error was harmless beyond a reasonable doubt. N.C.G.S. Sec. 15A-1443(b).

Even when there is other evidence sufficient to support a conviction, it cannot be said beyond a reasonable doubt that the erroneous admission of a defendant's confession is harmless error, *State v. Blackmon*, 280 N.C. 42, 50, 185 S.E. 2d 123, 128 (1971), unless some evidence, just as weighty, was properly admitted into evidence, such as another confession substantially similar to the confession erroneously admitted. *State v. Siler*, 292 N.C. 543,

552, 234 S.E. 2d 733, 739 (1977). Defendant claimed he shot at Alston in self-defense. His confession to Chief Deputy Bowden tended to show he went looking for Alston and shot first. Since it was the only confession admitted into evidence at defendant's trial and defendant's testimony contradicted the confession, we cannot say the admission of the confession to Chief Deputy Bowden was harmless error. Therefore, we reverse defendant's conviction and remand for new trial.

### III

Defendant raised other issues which are unlikely to arise at the new trial, and we decline to address them.

New trial on each charge.

Judges WELLS and EAGLES concur.