State v. Greenlee

---

STATE OF NORTH CAROLINA v. ELBERT GREENLEE

No. 7429SC522

(Filed 17 July 1974)

1. **Criminal Law § 76— findings as to voluntariness of confession — appellate review**

     Where the trial court's findings that defendant's in-custody statements were freely, voluntarily and understandingly made are supported by competent evidence, they will not be disturbed on appeal.

2. **Criminal Law § 75— in-custody statements — witness's reference to memorandum — refreshing recollection**

     It was permissible for a law officer to refer to a memorandum for the purpose of refreshing his recollection as to in-custody statements made by defendant.

APPEAL by defendant from *Exum, Judge,* 7 January 1974 Session of Superior Court held in McDOWELL County. Heard in the Court of Appeals 13 June 1974.

Defendant was charged in a bill of indictment with the murder of James Robert Wilkerson. Upon call of the case for trial, the solicitor announced that the State would seek a conviction of second degree murder or manslaughter, as the evidence might determine.

The State's evidence tends to show the following: Defendant was trying to collect $2.00 which the victim owed him. They got into an argument and a scuffle in the residence of the victim's relative. They were made to leave the residence. Defendant and the victim engaged in a fist fight outside the residence. As the victim undertook to run from defendant, defendant picked up a wooden board and struck the victim on the right side of the head. The victim died as a result of a fractured skull.

The jury found defendant guilty of second degree murder and judgment of imprisonment for a term of not less than twelve nor more than fifteen years.

*Attorney General Morgan, by Assistant Attorney General Davis, for the State.*

*Everette C. Carnes, for the defendant.*

BROCK, Chief Judge.

[1]   Defendant assigns as error that the trial court found that "defendant had knowingly and understandingly waived his constitutional rights before an 'in custody' interrogation." The substance of defendant's argument is that defendant's confession to the investigating officers was not free and voluntary.

Upon defendant's objection to testimony concerning statements made by him, the trial court conducted an extensive *voir dire.* The trial court found, from competent evidence, that defendant's statements were freely, voluntarily and understandingly made. Where such findings are supported by competent evidence, they will not be disturbed on appeal.

[2]   Defendant assigns as error that the trial court permitted the officers to testify as to what defendant told them. It seems that the thrust of defendant's argument is that the officers should not be permitted to use a memorandum which merely summarized the interrogation. He seems to argue that the record must be a verbatim transcript of the interrogation, or, if a summary is to be used, the defendant must have approved the

Tolbert v. Tea Co.

accuracy of the summary. Defendant cites *State v. Walker*, 269 N.C. 135, 152 S.E. 2d 133, in support of his argument. We think the cited case does not aid his argument.

Defendant seems to contend that the investigating officers were permitted to read to the jury their memoranda of the interrogation. Clearly, this would be improper if defendant had not signified his approval of their content. *State v. Walker*, *supra*. However, the officers merely used the memoranda to refresh their recollection. Later, while under cross-examination by defense counsel, and at the request of the cross-examiner, Deputy Nix read a portion of his notes to the jury. Defendant may not now complain of the officer doing what he asked him to do. During the *voir dire*, parts of the memoranda were read, but this could not prejudice the jury against defendant. The State did not offer the memoranda or their content in evidence. The State offered testimony of the witnesses, who related what defendant told them as they recalled it. It was permissible for each officer to refer to a memorandum prepared by him for the purpose of refreshing his recollection as to statements made by defendant. *State v. Walker, supra.*

We have reviewed defendant's assignments of error to the trial court's instructions to the jury. We find no prejudicial error. In our view, defendant received a fair trial.

No error.

Judges CAMPBELL and HEDRICK concur.