STATE OF NORTH CAROLINA v. DONALD EUGENE JAMES

No. 526A87

(Filed 5 May 1988)

**Criminal Law § 102.9— closing argument—reference to affirmation—no plain error**

    There was no plain error in a prosecution for murder, hit and run driving with personal injury, and larceny where the prosecutor stated in his closing argument, in reference to defendant, "I normally say that he placed his hand on the same Bible as the other witnesses, but he didn't in this case." The entire thrust of the prosecutor's argument was that defendant was not credible because he had admitted to the jury that he steals and is not always truthful, and the prosecutor made no reference to defendant's affirmation as a witness to persuade the jury to disbelieve him. N.C.G.S. § 8C-1, Rule 603, Rule 610, N.C. Constitution, Art. I, § 13.

APPEAL by defendant from judgments of imprisonment for life for conviction of murder in the second degree, five years for conviction of hit and run driving with personal injury, and two years for conviction of larceny, said judgments imposed by *Lee, J.*, at the 4 May 1987 session of Superior Court, DURHAM County. Heard in the Supreme Court 13 April 1988.

    *Lacy H. Thornburg, Attorney General,* by *Sylvia Thibaut, Assistant Attorney General,* for the state.

    *Malcolm Ray Hunter, Jr., Appellate Defender,* by *Daniel R. Pollitt, Assistant Appellate Defender,* for defendant.

---

    MARTIN, Justice.

We find no error in defendant's trial, convictions, and sentencing for murder in the second degree, hit and run driving resulting in personal injuries, and misdemeanor larceny.

An extensive review of the evidence is not necessary to dispose of the single issue raised upon this appeal. The evidence tends to show that on 25 March 1986 Rachel Basen and her fiance, William Michael Kountis, drove her 1977 Dodge van to Durham and parked the vehicle in a public parking lot. About twenty minutes later, 4:50 p.m., they returned to the van. Ms. Basen opened the driver's door, placed the key in the ignition switch, and then was pulled from the van by defendant. Kountis, who had not entered the van, began to yell at defendant and wrestle with him through the window. Kountis then ran to the passenger side and attempted to open the door but was "slung" to the ground when defendant drove the van backwards. When Kountis got up and ran to the front of the van, defendant suddenly floored the gas pedal and drove the van forward. It struck Kountis and dragged him to the parking lot exit where he was dropped from under the van. Kountis died from the injuries received by being struck by the van.

At trial defendant admitted that he stole the van and that Kountis tried to prevent him from leaving. After being duly affirmed, defendant testified that Kountis "flew from the van when I punched the gas to come off the parking lot."

Defendant presents a single issue for our review. He argues that the trial judge committed prejudicial error in failing to interrupt ex mero motu the prosecutor's argument at the underlined portion as follows:

> At this point, let me say a few things about the defendant's testimony. He did get up before you. He testified from the witness stand. I normally say that he placed his hand on the same Bible as the other witnesses, but he didn't in this case. What he did was he got on the witness stand and he told you some things about himself. He told you that he has a history of stealing. Why is that relevant? Because it proves that he stole the van in this case? No, although he admits to you that he did. But he's not guilty of anything in this case

because he had stolen in the past, just like he's not guilty of assaulting an officer in this case because he assaulted an officer in the past. What this tells us about the defendant is that the defendant is the kind of person that you just shouldn't trust. In your everyday lives, when you meet somebody and you have to make a decision about that person and you discover that that person has a history of taking other people's property, what is going to be your reasonable, logical conclusion about the trustworthiness of what that person tells you. I would submit that you wouldn't believe him. I would submit that you would have good reason not to believe him. In addition to the fact that the defendant admits to you that he has not always been truthful in the past, who in this case has the most motivation of all not to tell you the truth. Put yourself in the defendant's position for a second. What else can he say? What can he tell you? Everybody knows that he took the van; everybody knows that he ran over Mr. Kountis; there is nothing that he can do to change that; he can't say you got the wrong man, it wasn't me because he was still in the van when they caught him. He can't say that the van didn't run over him it was another vehicle because there were too many people there who saw that happen. So what can he say? All he can say is, "I never saw him." "I didn't know that it happened."

Defendant argues that the prosecutor's argument improperly impeached defendant's credibility by referring to his religious beliefs. Defendant relies upon article I, section 13 of the North Carolina Constitution:

### Sec. 13.   Religious liberty.

All persons have a natural and inalienable right to worship Almighty God according to the dictates of their own consciences, and no human authority shall, in any case whatever, control or interfere with the rights of conscience.

It is true that counsel may not attack the credibility of a witness because of the witness's religious beliefs or rights of conscience. N.C.R. Evid. 610. Here, however, defendant's credibility was not attacked by any reference to his religious beliefs or rights of conscience. Defendant misconstrues the prosecutor's argument. The prosecutor's argument was based upon the notion

that because defendant had admitted that he had a history of stealing, he is "the kind of person that you just shouldn't trust." The prosecutor further argued that the jury had a good reason not to believe defendant: not only had defendant admitted "that he has not always been truthful in the past," he had the most motivation not to tell the truth to the jury. The entire thrust of the prosecutor's argument was that defendant was not credible because he had admitted to the jury that he steals and is not always truthful. The prosecutor made no reference to defendant's affirmation as a witness to persuade the jury to disbelieve him. Defendant's argument to the contrary is unfounded.

The authorities relied upon by defendant are inapposite. In *People v. Hall*, 391 Mich. 175, 215 N.W. 2d 166 (1974), the prosecutor specifically cross-examined the defendant concerning his belief in God and how that belief could affect his ability to tell the truth. The prosecutor in *State v. Thomas*, 130 Ariz. 432, 636 P. 2d 1214 (1981), repeatedly referred to the *victim's* strict religious raising in his opening statement, in direct examination, and during closing argument, and tied that background into the victim's credibility. *People v. Wood*, 66 N.Y. 2d 374, 488 N.E. 2d 86, 497 N.Y.S. 2d 340 (1985), is a case where the prosecutor questioned a witness at length, over objection, about his affirming rather than swearing to God, and the trial judge's overruling the objection gave legitimacy to the questions. Last, in *State v. Kimbrell*, 320 N.C. 762, 360 S.E. 2d 691 (1987), there was extensive questioning of defendant about his practice of devil worshipping. None of these cases is concerned with a single, factual remark as is present in this appeal.

We decline to adopt defendant's strained reasoning, and conclude that defendant's rights under our state constitution were not violated.

Likewise, we find no violation of either Rule 603 or Rule 610 of the North Carolina Rules of Evidence. Rule 603 merely provides that a witness before testifying must either by oath or affirmation declare that he will testify truthfully. There is no contention by defendant that this rule was violated.

Rule 610 proscribes the admissibility of *evidence* of the religious beliefs or opinions of a witness for the purpose of attacking his credibility. Such evidence may be admitted to show in-

terest or bias of the witness. This is a rule of evidence and does not affect jury arguments, except in support of the rule that counsel ordinarily may not argue matters not supported by the evidence. There is no violation of Rule 610 in this case.

Finally, we note that defense counsel failed to object to the challenged argument and has waived his right to raise this issue. *State v. White*, 307 N.C. 42, 296 S.E. 2d 267 (1982); *State v. Brock*, 305 N.C. 532, 290 S.E. 2d 566 (1982). Ordinarily, objection to the prosecutor's jury argument must be made prior to verdict for the alleged impropriety to be reversible upon appeal. *State v. Smith*, 294 N.C. 365, 241 S.E. 2d 674 (1978). Failure to object waives the alleged error. *Id.* Not only did counsel fail to object when the argument was made, he did not raise the issue at the charge conference or upon the trial judge's invitation after the conclusion of the charge.

Defendant argues that this Court should review this issue under the "plain error" standard. This Court has only applied the plain error standard to alleged errors in the instructions to the jury, *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), and to alleged evidentiary errors, *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983). Where there is no objection to the jury argument of counsel, the standard for review is whether such argument was so prejudicial and grossly improper as to require corrective action by the trial judge ex mero motu. *State v. Hill*, 311 N.C. 465, 319 S.E. 2d 163 (1984). For the reasons previously stated, the prosecutor's argument was not so grossly improper as to require the trial judge to take corrective action on his own motion.

For the above reasons we find no error in defendant's trial.

No error.