STATE OF NORTH CAROLINA
v.
LEON CHRISTIAN McCOLLIE, Defendant.
No. COA09-658.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Joseph E. Elder, for the State.
William B. Gibson for defendant-appellant.
GEER, Judge.
Defendant Leon Christian McCollie appeals from his convictions for breaking and entering and larceny after breaking and entering. Defendant primarily contends the trial court erred in admitting testimony by the investigating detective regarding statements that defendant made to him concerning the alleged crimes. We hold that because the detective was testifying only as to defendant's oral statements and the State made no attempt to admit any exhibit purporting to be a written confession by defendant, the precedent defendant cites  addressing solely written confessions  is inapplicable, and the trial court did not err in allowing the testimony.

Facts
At trial, the State's evidence tended to show the following. John Crehore works out of a home office located above a detached garage at his residence in Charlotte, North Carolina. Around 4:00 a.m. on 10 October 2007, Mr. Crehore discovered that someone had entered his home office without permission, scattered the contents, and taken several pieces of electronic equipment, including a desktop computer, monitor, keyboard, mouse, two laptop computers, a digital camera, and a protocol analyzer. Mr. Crehore immediately called the Charlotte-Mecklenburg Police Department, and an officer arrived within five minutes. The officer found no indication of forced entry and no footprints, fingerprints, or signs of DNA evidence.
Later that morning, around 11:45 a.m., Officer Wesley Jessup stopped a Toyota Camry for failing to have registration tags. After stopping the vehicle, Officer Jessup asked the driver, Willie James Boyce, for his license and registration. Mr. Boyce produced a North Carolina Identification Card, but not a driver's license. While Boyce was looking for the vehicle's paperwork, Officer Jessup noticed some computer components on the back seat. Mr. Boyce never found the paperwork, and Officer Jessup discovered that his driver's license was revoked. Officer Jessup placed Mr. Boyce in custody.
Officer Jessup ran warrant checks on the other two passengers, one of whom was defendant. Defendant had no outstanding warrants. After backup arrived, Officer Jessup ran the vehicle identification number ("VIN") of the Camry and discovered that it had been reported stolen. At that point, the officers at the scene placed defendant and the other passenger in custody. When Officer Jessup began removing the computer components from the vehicle, defendant volunteered, "We found that stuff off of Monroe Road."
After the three men were in custody, Officer Jessup contacted Detective Brian Overman, who works in the burglary investigation division. After Detective Overman determined that the seized computer components were stolen, he interviewed the three men after giving them their Miranda warnings. At first, defendant told Detective Overman that he and the other passenger were just getting a ride from Mr. Boyce and that the computer components were already inside the vehicle when they got in.
During this part of the interview, Detective Overman noticed a small piece of rectangular plastic in defendant's lap. Detective Overman asked defendant about it, but defendant did not know what the piece of plastic was. Defendant explained that he picked it up while in the Camry and put the piece of plastic in his pocket. The detective described the piece of plastic as something used to join two telephone lines together.
During Detective Overman's interviews, he went back and forth between the three suspects. When Detective Overman came back to defendant to conduct a second interview, defendant stated that whatever Mr. Boyce told the detective was a lie, that defendant had served only as the lookout from across the street, and that Boyce had done the actual break-in. Detective Overman requested a recorded statement from defendant, but defendant said he had already told the detective what happened, and he did not want to write or record anything. Detective Overman later recovered the remaining stolen computer items from a residence in Charlotte.
Defendant was convicted by a jury of one count of breaking and entering and one count of larceny after breaking and entering. Following the jury verdict, defendant entered a plea of guilty to being a habitual felon. The trial court sentenced defendant to a single presumptive-range term of 125 to 159 months imprisonment. Defendant gave notice of appeal in open court.

I
Defendant first argues that the trial court erred by admitting the following testimony of Detective Overman regarding defendant's oral statements to him:
. . . First, [defendant] said that the items were in the vehicle when he got into the car. He was getting a ride to West Boulevard.
He told us that Willie was driving the vehicle they were in for a couple of weeks. At one point he told me that Willie was lying, essentially.
Then I went back and talked to him again. He said that Willie was lying. He paused for a few minutes or a minute or two. Then he claimed that he was the lookout and that Willie did the break-in into the house. [Defendant] then said he was waiting across the street from the house when the crime occurred. Defendant contends that the trial court erred by admitting this testimony because there is no evidence that defendant verified the correctness of the statement or that Detective Overman made a verbatim record of the questions asked.
Defendant, however, failed to timely object to Detective Overman's testimony. When the question was asked, defendant neither objected on the basis that the confession was inadmissible nor moved to strike the above-quoted testimony after Detective Overman answered. Defendant first challenged Detective Overman's testimony regarding the confession during the charge conference. As this was not a timely objection, defendant failed to preserve the issue for appellate review. See N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . .").
Under these circumstances, defendant may still be able to challenge the admission of the testimony under the plain error doctrine. See State v. Gary, 348 N.C. 510, 518, 501 S.E.2d 57, 63 (1998) ("We note that where a criminal defendant has not objected to the admission of evidence at trial, the proper standard of review is a plain error analysis rather than an ex mero motu or grossly improper analysis."). Rule 10(c)(4) of the Rules of Appellate Procedure, however, provides that a question not properly preserved for appeal "may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error." (Emphasis added.) Defendant failed to mention plain error in the pertinent assignment of error. He has, therefore, "waived even plain error review." Gary, 348 N.C. at 518, 501 S.E.2d at 63.
Even if defendant had properly preserved this issue for review, we find no merit in defendant's contentions. Citing to State v. Walker, 269 N.C. 135, 139, 152 S.E.2d 133, 137 (1967), defendant claims that his confession was not admissible because it was neither verified by defendant nor a verbatim record of the interview. "The general rule is that a `statement of an accused reduced to writing by another person, where it was freely and voluntarily made, and where it was read to or by the accused and signed or otherwise admitted by him as correct shall be admissible against him.'" State v. Bartlett, 121 N.C. App. 521, 522, 466 S.E.2d 302, 303 (1996) (quoting State v. Boykin, 298 N.C. 687, 693, 259 S.E.2d 883, 887 (1979), cert. denied, 446 U.S. 911, 64 L. Ed. 2d 264, 100 S. Ct. 1841 (1980)). Thus, a written confession is admissible if the defendant "in some manner indicate[s] his `acquiescence in the correctness' of a written instrument tendered as his confession." Id. (quoting Walker, 269 N.C. at 141, 152 S.E.2d at 137). Alternatively, a document is admissible if it "is a `verbatim record of the questions [asked] . . . and the answers' given by [the defendant]." Id. (quoting State v. Byers, 105 N.C. App. 377, 383, 413 S.E.2d 586, 589 (1992)).
This case law is not, however, controlling since the State was not seeking admission of a confession that was reduced to writing. Instead, the evidence at issue is only Detective Overman's testimony regarding what defendant told him. The trial court did not err in allowing Detective Overman to testify as to what defendant admitted in the interviews. See State v. Greenlee, 22 N.C. App. 489, 490-91, 206 S.E.2d 753, 754 (finding no error where officers testified concerning statements made by defendant during interrogation and merely used their written memoranda summarizing interrogation to refresh recollection), appeal dismissed, 285 N.C. 761, 209 S.E.2d 285, cert. denied, 286 N.C. 339, 210 S.E.2d 59 (1974), cert. denied, 421 U.S. 969, 44 L. Ed. 2d 458, 95 S. Ct. 1963 (1975). Accordingly, this assignment of error is overruled.

II
Next, defendant contends that the trial court committed reversible error by denying his request for a special jury instruction regarding his admissions. "It is well settled that when a request is made for a specific instruction that is supported by the evidence and is a correct statement of the law, the court, although not required to give the requested instruction verbatim, must charge the jury in substantial conformity therewith." State v. Holder, 331 N.C. 462, 474, 418 S.E.2d 197, 203 (1992). The Supreme Court has stressed that "the trial court must relate the substance of that instruction, although it is not required to give the instruction verbatim." State v. Dodd, 330 N.C. 747, 753, 412 S.E.2d 46, 49 (1992).
Here, defendant made a written request for a three-part special instruction regarding extra-judicial confessions (internal citations and quotation marks omitted):
A naked extrajudicial confession of guilt by one accused of crime, unaccompanied by any other evidence, is not sufficient to warrant or sustain a conviction.
The law is hesitant to accept, without adequate corroboration, the extrajudicial confession of a defendant and to avoid convicting a person, solely out of his own mouth, of a crime that was never committed or was committed by someone else.
The State is relying upon the defendant's confession to obtain a conviction. There must be proof tending to establish by substantial independent evidence its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime.
The trial court gave the first paragraph of the requested special instruction, but declined to give the second and third paragraphs. The court, however, also gave the following instructions:
There is evidence that tends to show that the defendant has admitted a fact related to the crimes charged in this case. If you find that the defendant made that admission, you should consider all of the circumstances under which it was made in determining whether it was a truthful admission and the weight you will give to it.
If you find that the defendant has confessed to committing the crimes charged in this case, you must determine whether it was a truthful confession and the weight you will give to it.
Immediately after these instructions, the trial court instructed the jury on conflicting statements. The trial court then gave the following instruction:
You should consider that evidence along with all the other believable evidence in the case. However, if you find that the defendant made such statements, they do not create a presumption of guilt. Such evidence standing alone is not sufficient to establish guilt.
Although the trial court did not give the verbatim special instructions requested by defendant, the instructions were, we believe, sufficiently "related to the substance" of what was requested by defendant. See Dodd, 330 N.C. at 753, 412 S.E.2d at 49. The trial court's actual instructions adequately conveyed to the jury the main ideas of the proposed instructions: (1) that the jury could not convict solely based on an extrajudicial confession and (2) that the jury had to consider the other evidence to determine the trustworthiness of the confession. We, therefore, hold that the trial court did not err in declining to give verbatim the special instructions requested by defendant.
No error.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).