STATE OF NORTH CAROLINA v. LARRY SPENCER EDGERTON

No. 433PA87

(Filed 7 March 1991)

**Criminal Law § 75.9 (NCI3d)— manslaughter—confession—
volunteered**

The trial court did not err in a prosecution for
manslaughter, assault, and discharging a firearm into an oc-
cupied building by admitting into evidence a confession made
by defendant to a deputy sheriff where the court found that
the deputy attempted to advise defendant of his constitutional
rights but defendant spontaneously began making a statement
and the deputy could not stop him. Earlier questioning of
defendant by another deputy did not taint the subsequent
confession even if defendant was in custody during the first
questioning because there was no evidence that the question-
ing was coercive.

**Am Jur 2d, Evidence §§ 537, 545, 557.**

**Admissibility of pretrial confession in criminal case—
Supreme Court cases. 22 L. Ed. 2d 872.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a
unanimous opinion of the Court of Appeals, 86 N.C. App. 329,
357 S.E.2d 399 (1987), reversing a judgment entered by *Hobgood,
J.,* in Superior Court, FRANKLIN County, on 21 April 1986 and
awarding defendant a new trial. Heard in the Supreme Court 17
May 1990.

The defendant was tried for first degree murder, assault with
a deadly weapon with intent to kill inflicting serious injury and
discharging a firearm into occupied property. The State's evidence
showed that the defendant twice fired a shotgun into the mobile
home of William Bumpers, killing Fred Alston, Jr. and wounding
Bumpers. The defendant's evidence tended to show he fired the
shotgun in self-defense.

In the course of the trial the defendant objected to the admis-
sion into evidence of a confession he made to Chief Deputy Sheriff
Astor Bowden. The court held a voir dire hearing out of the presence
of the jury on this objection. Deputy Sheriff Tommy Perry testified

at the hearing that he went to the scene of the shooting and then to the mobile home of the defendant's mother which was in the same mobile home park. He saw the defendant in the yard of his mother's home. Mr. Perry testified he asked the defendant to get into the patrol car, which the defendant did. Mr. Perry, without advising the defendant of his *Miranda* rights, asked the defendant if he had fired into William Bumpers' home and the defendant told him he had done so. Mr. Perry then told the defendant not to say anything more and drove the defendant to Bumpers' home. Chief Deputy Sheriff Bowden then entered the patrol car and sat on the back seat. Mr. Perry and the defendant sat in the front seat. Both the officers testified that Mr. Bowden started to read to the defendant his *Miranda* rights but before Mr. Bowden could finish reading them the defendant made a statement without any questions being asked of him.

The defendant's version at the voir dire hearing of the same event was that Mr. Perry carried him to the county jail where he was incarcerated for two days. Mr. Bowden and other officers then came to the jail and gave him his *Miranda* warnings. He asked for an attorney but Mr. Bowden continued questioning him.

The court made findings of fact that before Mr. Bowden could finish advising the defendant of his constitutional rights the defendant spontaneously began making a statement and Mr. Bowden could not stop him from talking. The court found that the statement was not made in response to a question and was given freely, voluntarily, and understandingly with knowledge of his constitutional rights. The court ordered the statement to be admitted into evidence.

The defendant was convicted of voluntary manslaughter, assault with a deadly weapon inflicting serious injury and discharging a firearm into an occupied building. He was sentenced to a total of 21 years in prison.

The Court of Appeals granted the defendant a new trial. It held that because the court had not determined whether the statement which defendant made to Mr. Perry when he entered Mr. Perry's automobile was involuntary, and if it was involuntary what effect it had on his confession to Mr. Bowden, that the court had made inadequate findings of fact to admit into evidence the statement to Mr. Bowden.

**STATE v. EDGERTON**

[328 N.C. 319 (1991)]

We granted the State's petition for discretionary review.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State, appellant.*

*D. Bernard Alston for defendant appellee.*

WEBB, Justice.

We reverse the Court of Appeals. The United States Supreme Court held in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694 (1966), that confessions which result from in-custody interrogations initiated by police officers without proper warning as to constitutional rights must be excluded unless a defendant knowingly, voluntarily and understandingly waives his rights. In order to trigger the exclusionary rule of *Miranda*, it is necessary that the statement be the result of interrogation. *Colorado v. Connelly*, 479 U.S. 157, 93 L.Ed.2d 473 (1986); *State v. Leonard*, 300 N.C. 223, 266 S.E.2d 631, *cert. denied*, 449 U.S. 960, 66 L.Ed.2d 227 (1980); *State v. Adams*, 85 N.C. App. 200, 354 S.E.2d 338 (1987).

In this case the court found as facts that at the time Mr. Bowden was in the automobile with the defendant Mr. Bowden attempted to advise him of his constitutional rights but that the defendant spontaneously began making a statement and Mr. Bowden could not stop him. These findings of fact were supported by the evidence. They support the conclusion that the statement was not the result of an interrogation in custody or otherwise. The superior court made no finding that the statement was not as a result of an interrogation but this is a question of law which we can determine. *State v. Davis*, 305 N.C. 400, 290 S.E.2d 574 (1982). Based on the court's finding of fact that the defendant's statement to Mr. Bowden was spontaneous and that Mr. Bowden could not stop him from making it, we conclude it was not as the result of an interrogation. It was not error to admit it into evidence.

The questioning of the defendant by Mr. Perry did not taint the confession given to Mr. Bowden. Even if the defendant was in custody when questioned by Mr. Perry there was no evidence that the questioning was coercive. The United States Supreme Court in *Oregon v. Elstad*, 470 U.S. 298, 84 L.Ed.2d 222 (1985), held that a noncoercive interrogation while the defendant was in custody, at which time the defendant made an incriminating statement, did not poison a confession made a short time later after the

defendant had received a *Miranda* warning. We hold that pursuant to *Elstad* the interrogation by Mr. Perry did not bar the admission of the statement to Mr. Bowden.

For the reasons stated in this opinion we reverse the Court of Appeals.

Reversed.