STATE v. BARLOW

[103 N.C. App. 276 (1991)]

Reversed.

Judges ORR and WYNN concur.

---

STATE OF NORTH CAROLINA v. MARY ANNA BARLOW

No. 904SC255

(Filed 18 June 1991)

**Criminal Law § 76.5 (NCI3d) — confessions without Miranda warning — subsequent confessions after warning — trial court findings — insufficient**

A plea of no contest was stricken and the cause was remanded, despite *State v. Edgerton*, 328 N.C. 319, where there was evidence from which it could be inferred that at least one of the statements to officers made prior to the videotaped confession was involuntary. The trial court was obliged to make a determination as to whether any of the three statements complained of was the result of a constitutional violation. The order also does not contain sufficient findings for the court to determine whether the trial judge even considered one of the statements to be a confession.

**Am Jur 2d, Evidence §§ 529, 534, 537, 542.**

Judge ORR dissenting.

ON remand to this Court for reconsideration by order of the Supreme Court dated 2 May 1991. Heard in the Court of Appeals 5 June 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James Wallace, Jr., for the State.*

*Joseph E. Stroud, Jr. for defendant-appellant.*

WELLS, Judge.

This case has been remanded to this Court for our reconsideration in light of our Supreme Court's opinion in *State v. Edgerton*, 328 N.C. 319, 401 S.E.2d 351 (1991). Our initial opinion is reported at 102 N.C. App. 71, 401 S.E.2d 368 (1991).

In *Edgerton*, defendant had been arrested and charged with murder. The State's evidence tended to show that Deputy Sheriff Perry arrived at the scene of the shooting and asked defendant to get into the police car, which defendant did. Perry then asked defendant whether he had fired his gun into the home of one of the victims and he responded that he had. Perry then told defendant not to say anything else and took defendant to Chief Deputy Bowden. Bowden started to read defendant the *Miranda* warnings, but before he could finish, defendant made an inculpatory statement. We awarded a new trial based on the fact that the trial court had not determined whether the statement to Perry was involuntary, and if so, whether it tainted the statement given to Bowden. *State v. Edgerton*, 86 N.C. App. 329, 357 S.E.2d 399 (1987). In reversing this Court, the Supreme Court held that the statement to Bowden was not the result of an interrogation, and that there was no evidence that the statement to Perry was coerced.

We do not perceive that our Supreme Court's opinion in *Edgerton* requires a different result than the one we previously reached in this case. The Court pointed out, as we did in our original disposition of this appeal, that the fact that there had been a prior un-Mirandaized statement to law enforcement officials does not, nothing else appearing, taint a confession properly preceded by the *Miranda* warnings. The fruit of the poisonous tree analysis presupposes the existence of a constitutional violation. *Oregon v. Elstad*, 470 U.S. 298, 84 L.Ed.2d 222 (1985). The giving of the prophylactic *Miranda* warnings is not a constitutional right, but is meant to ensure that the constitutional right against compulsory self-incrimination is protected. *Id.* The Supreme Court found no evidence of a violation involving the statement to Perry, so no fruit of the poisonous tree analysis was necessary.

There is evidence in this case, however, from which it could be inferred that at least one of the three complained-of statements to law enforcement officers made prior to the videotaped confession was involuntary. Defendant testified at the suppression hearing that Officer Newkirk arrived shortly after she had confessed to the health care worker, and they spoke out of her hearing. Officer Newkirk then handcuffed her, although he told her that she was not under arrest. She was then taken to the police station where she was constantly supervised for forty-five minutes, including being escorted to the restroom by a police officer, while waiting for Detective Gelling. Given these circumstances, we hold that

STATE v. BARLOW

[103 N.C. App. 276 (1991)]

the trial court was obliged to make a determination as to whether any of the three statements complained of were the result of a constitutional violation. While portions of the trial court's order would tend to indicate that the trial court believed the oral and written statements made to Detective Gelling were in fact voluntary, we continue to adhere to our original holding that this case must be remanded for further proceedings in light of the proper legal framework. The trial court's order under review here also does not contain sufficient findings for us to determine whether the trial court considered the oral statement made to Deputy Chief Collins (the third statement complained of) to even be a confession. We therefore reaffirm our previous holding and mandate that the defendant's plea of no contest be stricken, the judgment entered be vacated, and the cause be remanded to the superior court for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Chief Judge HEDRICK concurs.

Judge ORR dissents.

Judge ORR dissenting.

I respectfully dissent. In my view, our Supreme Court's opinion in *State v. Edgerton*, 328 N.C. 319, 401 S.E.2d 351 (1991), mandates a different result.

Under *Edgerton*, a noncoerced interrogation while a defendant is in custody but before *Miranda* warnings are given does not bar admission of a subsequent confession. Upon review of the evidence, I disagree with the majority's view that there is evidence from which it can be inferred that at least one of the statements made prior to the videotaped confession was involuntary. These statements at issue were not coerced and thus, under *Edgerton*, did not taint the subsequent videotaped confession.