STATE OF NORTH CAROLINA v. CHARLES EUGENE BARTLETT

No. COA95-340

(Filed 6 February 1996)

### Evidence and Witnesses § 1353 (NCI4th)— officer's "attempt" to record defendant's answers to questions—document not signed by defendant—document inadmissible

Where an officer testified that he did not write down the questions asked of defendant, never testified that his handwritten notes were an exact reflection of the answers given by defendant, and testified only that he "attempted" to write down defendant's answers, and there was no evidence that defendant acquiesced in the correctness of the writing but in fact refused to sign it, the trial court erred in admitting the document into evidence and allowing the officer to read it to the jury.

**Am Jur 2d, Evidence §§ 717.**

Appeal by defendant from judgment entered 6 May 1994 in Wayne County Superior Court by Judge G. K. Butterfield, Jr. Heard in the Court of Appeals 10 January 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Mark Payne, for the State.*

*Barnes, Braswell & Haithcock, P.A., by Glenn A. Barfield, for defendant-appellant.*

GREENE, Judge.

Charles Bartlett (defendant) appeals a judgment entered 6 May 1994 in which a jury convicted him of two counts of felonious larceny, two counts of breaking and entering and one count of second degree burglary. The trial court consolidated the offenses and sentenced defendant to twenty-four years in prison.

Defendant was arrested on 16 August 1993 following a break-in at a residence in Dudley and was taken to the Wayne County Sheriff's Department. After being advised of his *Miranda* rights, the defendant agreed to talk to the investigating officers. One of the officers (Greenfield) "attempted" to write down the defendant's answers to questions posed to the defendant by another officer. The questions

asked were not written down by Greenfield. At some point during the questioning, the defendant "decided that he wanted to stop answering any questions" because he "wanted a lawyer." The defendant was given the paper writing prepared by Greenfield and the defendant refused to sign it.

At trial, the paper writing prepared by Greenfield on the day of the arrest was admitted into evidence and Greenfield was permitted to read it to the jury. The defendant objected.

---

The issue is whether a defendant's statement, reduced to writing by another person, is admissible into evidence when it is not signed by the defendant.

The general rule is that a "statement of an accused reduced to writing by another person, where it was freely and voluntarily made, and where it was read to or by the accused and signed or otherwise admitted by him as correct shall be admissible against him." *State v. Boykin*, 298 N.C. 687, 693, 259 S.E.2d 883, 887 (1979), *cert. denied*, 446 U.S. 911, 64 L. Ed. 2d 264 (1980); *see State v. Cole*, 293 N.C. 328, 334, 237 S.E.2d 814, 818 (1977). In other words, the defendant must in some manner indicate his "acquiescence in the correctness" of a written instrument tendered as his confession. *State v. Walker*, 269 N.C. 135, 141, 152 S.E.2d 133, 137 (1967). Nonetheless, the written instrument is admissible, without regard to the defendant's acquiescence, if it is a "verbatim record of the questions [asked] . . . and the answers" given by him. *State v. Byers*, 105 N.C. App. 377, 383, 413 S.E.2d 586, 589 (1992); *see Cole*, 293 N.C. at 334-35, 237 S.E.2d at 818 (officer wrote down statements in longhand in "defendant's own words" and swore they were defendant's actual words); *State v. Fox*, 277 N.C. 1, 25, 175 S.E.2d 561, 576 (1970) (sheriff testified that the transcription was an "exact copy" of the conversation between himself and defendant).

In this case, Greenfield testified that he did not write down the questions asked of defendant and he never testified that his handwritten notes were an exact reflection of the answers given by the defendant. Greenfield only testified that he "attempted" to write down the defendant's answers. Finally, there is no evidence that the defendant acquiesced in the correctness of the writing and in fact, he refused to sign it. It was therefore error to admit the document into evidence and allow the officer to read it to the jury.

Where a confession is erroneously admitted into evidence, "no one can say what weight and credibility the jury gave the confession," *State v. Blackmon*, 280 N.C. 42, 50, 185 S.E.2d 123, 128 (1971), and in the absence of some other evidence "just as weighty," the improperly admitted confession is prejudicial error and requires a new trial. *State v. Edgerton*, 86 N.C. App. 329, 335, 357 S.E.2d 399, 404 (1987), *rev'd on other grounds*, 328 N.C. 319, 401 S.E.2d 351 (1991); *see* N.C.G.S. § 15A-1443(a) (1988). Although there was, in this case, other evidence of defendant's guilt we cannot say that it was "just as weighty" as the improperly admitted confession.

New trial.

Judges WYNN and McGEE concur.