STATE OF NORTH CAROLINA, PLAINTIFF v. RICKEY NELSON SPENCER, DEFENDANT

No. COA07-1191

(Filed 19 August 2008)

## 1. Drugs— maintaining a dwelling for keeping or selling— residence

The trial court did not err by denying defendant's motion to dismiss the charge of maintaining a dwelling for the keeping or selling of controlled substances. The State presented a confession by defendant that he resided at the home, which is substantial evidence that defendant maintained the dwelling. Although the confession was incompetent, all of the evidence actually admitted which is favorable to the State is to be considered when ruling on the motion.

**2. Drugs— possession of marijuana and intent to sell—same contraband**

The trial court did not err by denying defendant's motion to dismiss one of two counts of possession of marijuana where he was charged with felony possession and possession with intent to sell or deliver based on marijuana found in a cigar box. A defendant can be convicted of both felony possession and possession with intent to sell or distribute based on the same contraband.

**3. Drugs— instructions—possession of drug paraphernalia**

Jury instructions on the intent for which defendant possessed drug paraphernalia substantially conformed to the pattern jury instruction to which defendant agreed.

**4. Confessions and Incriminating Statements; Drugs— admission of unverified confession—erroneous—plain error on maintaining dwelling—not plain error on possession**

The erroneous admission of a confession through an officer's rough, handwritten, non-verbatim and unverified notes did not produce plain error in convictions for possession of marijuana with intent to sell and deliver and possession of drug paraphernalia due to other evidence. However, the conviction for maintaining a dwelling for keeping or selling a controlled substance based on the confession was plain error.

Appeal by defendant from judgment entered on or about 30 January 2007 by Judge W. Erwin Spainhour in Superior Court, Iredell County. Heard in the Court of Appeals 19 March 2008.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Dennis Myers, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for defendant-appellant.*

STROUD, Judge.

Defendant Rickey Nelson Spencer appeals from judgment entered upon jury verdicts finding him guilty of felony possession of marijuana, possession with intent to sell or deliver marijuana, maintaining a dwelling for purposes of keeping or selling of a controlled substance, possession of drug paraphernalia, and attaining the status of habitual felon. Defendant contends the trial court erred when it denied his motion to dismiss the charge of maintaining a dwelling for

STATE v. SPENCER

[192 N.C. App. 143 (2008)]

the keeping or selling of controlled substances; denied his motion to dismiss one of the two counts of possession of marijuana; admitted his purported confession; and failed to properly instruct the jury on the elements of possession of drug paraphernalia."

After careful review of the record, we conclude that the State presented sufficient evidence to support both of the possession counts and the charge of maintaining a dwelling for purposes of keeping or selling of a controlled substance. We also conclude the trial court's instructions on possession of drug paraphernalia were not error. However, we conclude that the trial court erred by admitting defendant's purported confession. This error did not rise to plain error as to the charge of possession of marijuana with intent to sell or deliver or the charge of possession of drug paraphernalia, but it did rise to plain error as to the charge of maintaining a dwelling for purposes of keeping or selling a controlled substance. Because the trial court committed plain error, defendant is entitled to a new trial on the charge of maintaining a dwelling for purposes of keeping or selling a controlled substance. The trial court consolidated defendant's convictions for the purpose of sentencing, so as a result of granting defendant a new trial on one of the convictions, we remand for resentencing on the remaining convictions.

## I. Background

The State presented evidence at trial tending to show the following: On 23 November 2004, Sergeant Walter Meyer of the Iredell County Sheriff's Office went to 178 Loggerhead Road in Statesville, North Carolina, with Sergeant David Prevette and Sergeant Dale Hawkins. Upon arrival at 178 Loggerhead Road, the officers knocked on the front door and defendant answered. Defendant was asked if he owned the house and he replied that he did not own the house. Ms. Sheena Elmore was introduced as the homeowner and she gave permission for the officers to search the house for marijuana. While searching the guest bedroom, Sergeant Meyer saw a partially smoked marijuana cigarette in an ashtray beside the bed.

During Sergeant Meyer's search, Sergeant Prevette, Sergeant Hawkins and defendant were in the living room. Sergeant Prevette observed defendant acting "extremely nervous," so he asked defendant "if he needed to tell me something." Defendant nodded affirmatively. Sergeant Prevette asked defendant if there were drugs in the house. Defendant again nodded affirmatively. Finally Sergeant Prevette asked where the drugs were and how much; defendant

acknowledged there were about three ounces of marijuana "in the cabinet below the kitchen sink."

Sergeant Hawkins overheard the conversation between defendant and Sergeant Prevette and went into the kitchen. In the kitchen cabinet, Sergeant Hawkins discovered a cigar box containing three packages of marijuana weighing approximately one ounce each, two small brown bags of marijuana, "some drug paraphernalia," rolling papers, and a set of digital scales. The officers also discovered a semi-automatic pistol on top of the kitchen cabinet.

Sergeant Prevette arranged with defendant to come to the sheriff's office the next day to give a statement. The following day defendant and his mother arrived at the sheriff's office and met with Sergeant Prevette in an interview room. Defendant was informed that he wasn't in custody and that Sergeant Prevette wanted to hear about and write down what defendant had to say about the marijuana. During the interview, Sergeant Prevette asked questions and defendant answered while Sergeant Prevette recorded the conversation in scratch notes. At the end of the conversation, Sergeant Prevette began to write down what was said and read it back to defendant to make sure it was being recorded correctly. Before Sergeant Prevette finished writing the statement, defendant's mother needed to leave. She politely ended the interview and took defendant with her. When the meeting ended, defendant understood that Sergeant Prevette would continue writing down what had been discussed and that the officers expected defendant to return later to proofread and sign the statement. Defendant never returned to sign the statement written by Sergeant Prevette.

Sergeant Prevette weighed the marijuana on 23 November 2004 and determined that it weighed 87.4 grams, approximately three ounces.[1] On 6 February 2006, the marijuana was sent to the State Bureau of Investigation (SBI) laboratory for testing. Misty Icard, a special agent and forensic drug chemist with the SBI tested the marijuana on 26 May 2006. Her tests confirmed that the substance was marijuana and weighed 80.7 grams.[2]

On 31 January 2005, the Iredell County Grand Jury indicted defendant on charges of (1) possession of a controlled substance, (2)

1. One ounce weighs 28.35 grams while an ounce and a half weighs approximately 43 grams.

2. Agent Icard testified at trial that the difference in weight could have been the result of drying, weighing without the bags, or less accurate scales.

STATE v. SPENCER

[192 N.C. App. 143 (2008)]

possession of a controlled substance with the intent to sell or deliver, (3) maintaining a place to keep controlled substances, (4) possession of drug paraphernalia, and (5) attaining the status of habitual felon. On 15 September 2005, defendant moved to suppress his purported confession made on 24 November 2004, and the evidence obtained during the search of the residence at 178 Loggerhead Road on 23 November 2004. On or about 2 February 2006, the trial court denied the motion to suppress.

Defendant was tried before a jury in Iredell County Superior Court on 29 and 30 January 2007. The jury found defendant guilty of (1) possession of more than one and one half ounces of marijuana, (2) possession with the intent to sell or deliver marijuana, (3) maintaining a dwelling for purposes of keeping or selling of a controlled substance, (4) possession of drug paraphernalia, and (5) attaining the status of habitual felon. Upon the jury verdict, the trial court sentenced defendant to 150 to 189 months. Defendant appeals.

## II. Motions to Dismiss

### A. Maintaining a Dwelling

[1] Defendant argues the trial court erred by denying his motion to dismiss the charge of maintaining a dwelling for the keeping or selling of controlled substances because the State failed to show that defendant kept or maintained the house at 178 Loggerhead Road. We disagree.

On a motion to dismiss for insufficient evidence to sustain a conviction, "the question for the [c]ourt is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "[A]ll of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion." 299 N.C. at 99, 261 S.E.2d at 117. "The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom[.]" *Id.*

Defendant cites *State v. Bowens*, which listed seven factors to be considered in determining whether a dwelling is kept or maintained for purposes of N.C. Gen. Stat. § 90-108(a)(7), "none of which are dis-

STATE v. SPENCER

[192 N.C. App. 143 (2008)]

positive" by themselves. 140 N.C. App. 217, 221, 535 S.E.2d 870, 873 (2000), *disc. review denied*, 353 N.C. 383, 547 S.E.2d 417 (2001). "Those factors include: ownership of the property; occupancy of the property; repairs to the property; payment of taxes; payment of utility expenses; payment of repair expenses; and payment of rent." 140 N.C. App. at 221, 535 S.E.2d at 873. Defendant argues that because the State presented only evidence of occupancy, it has not presented sufficient evidence to show that defendant maintained the dwelling, and the motion to dismiss should have been granted.

Defendant is correct that occupancy, without more, will not support the element of "maintaining" a dwelling. *State v. Kraus*, 147 N.C. App. 766, 768-69, 557 S.E.2d 144, 147 (2001). However, evidence of residency, standing alone, is sufficient to support the element of maintaining. *State v. Rosario*, 93 N.C. App. 627, 638, 379 S.E.2d 434, 440, *disc. review denied*, 325 N.C. 275, 384 S.E.2d 527 (1989); *State v. Rich*, 87 N.C. App. 380, 384, 361 S.E.2d 321, 324 (1987).

The State presented evidence, in the form of a purported confession by defendant to police, that defendant resided at the home at 178 Loggerhead Road.[3] This was substantial evidence that defendant maintained the dwelling. *Rosario*, 93 N.C. App. at 638, 379 S.E.2d at 440. Defendant did not argue that the State failed to present sufficient evidence on the other elements of the charge. Therefore, the trial court properly denied defendant's motion to dismiss the charge of maintaining a dwelling for purposes of keeping or selling of a controlled substance.

B. Two Counts of Possession

[2] Defendant also contends that the trial court erred by denying his motion to dismiss one of the two counts of possession of marijuana because the State failed to show that two felonies occurred. We disagree.

---

3. As we discuss *infra*, defendant's purported confession was incompetent evidence. However, "all of the evidence actually admitted, *whether competent or incompetent*, which is favorable to the State is to be considered by the court in ruling on the motion." *Powell*, 299 N.C. at 99, 261 S.E.2d at 117 (emphasis added); *see also State v. McMilliam*, 243 N.C. 771, 774, 92 S.E.2d 202, 205 (1956) ("Though the court below, in denying the motion for nonsuit, acted upon evidence, which we now hold to be incompetent, yet if this evidence had not been admitted, the State might have followed a different course, and produced in court a valid warrant to search defendants' home."); *Early v. Eley*, 243 N.C. 695, 700-01, 91 S.E.2d 919, 923 (1956) ("Though erroneously admitted, nevertheless, we must consider them as a part of the plaintiff's case on the question of nonsuit for the reason that their admission may have caused the plaintiff to omit competent evidence of the same import.").

STATE v. SPENCER

[192 N.C. App. 143 (2008)]

Defendant was convicted of violating N.C. Gen. Stat. § 90-95(d)(4) (felony possession of marijuana) and N.C. Gen. Stat. § 90-95(a) (possession of marijuana with intent to sell or deliver). Defendant argues:

> the State was required to show that [defendant] possessed some amount of marijuana in order to prove each count. The State, however, failed to meet this burden because the evidence did not distinguish between the amount of marijuana necessary to prove the charge of possession of marijuana with intent to sell or deliver and the amount of marijuana necessary to prove the charge of possession of more than one and one-half ounces of marijuana. As a result, the State failed to present substantial evidence of both counts of possession of marijuana and the trial court erred by denying [defendant's] motion to dismiss.

Defendant cites *State v. Pagon*, 64 N.C. App. 295, 307 S.E.2d 381 (1983), in support of this argument. In *Pagon*, the police found marijuana in the defendant's pocket, and in two different places within the defendant's mobile home. *Id.* at 296, 307 S.E.2d at 382. The defendant was convicted and sentenced for both possession of marijuana with intent to sell and possession of more than one ounce of marijuana. *Id.* at 296-97, 307 S.E.2d at 383. On appeal, this Court held that the State had presented sufficient evidence of both charges to survive defendant's motion to dismiss.[4] *Id.* at 299, 307 S.E.2d at 384. Defendant ar-

---

4. Even though this Court held that the State had presented evidence of both charges sufficient to survive the defendant's motion to dismiss, *Pagon* went on to arrest judgment on the conviction of possession of marijuana with intent to sell, stating the rule that separate sentences for "both possession with intent to sell marijuana and possession of more than one ounce of marijuana, when the convictions are based upon possession of the same substance and arise out of the same transactions" violate the Double Jeopardy Clause. 64 N.C. App. at 299, 307 S.E.2d at 384 (citing *State v. McGill*, 296 N.C. 564, 251 S.E.2d 616 (1979)). However, the *Pagon* rule was expressly overruled in *State v. Hurst*, 320 N.C. 589, 591, 359 S.E.2d 776, 777 (1987), which defendant did not include in his citation to *Pagon*.

We note that *Hurst* itself was overruled in part by *State v. White*, 322 N.C. 506, 518, 369 S.E.2d 813, 819 (1988). However, we believe *White* should be read narrowly as applying only to the crimes of larceny and armed robbery and did not disturb *Hurst's* overruling of *Pagon*. In any event, *State v. Pipkins*, 337 N.C. 431, 434, 446 S.E.2d 360, 362 (1994), leaves no doubt that a conviction and sentence for more than one drug offense at the same trial based on the same contraband, when one offense is not a lesser included offense that merges into the other, does not violate the Double Jeopardy Clause. *Compare State v. Kemmerlin*, 356 N.C. 446, 474-75, 573 S.E.2d 870, 890 (2002) ("The Double Jeopardy Clauses of both the United States Constitution and the North Carolina Constitution prohibit multiple punishment for the same offense. North Carolina has adopted a definitional test for determining

gues that his case is distinguishable from *Pagon* on the basis that only the marijuana in the cigar box, and not the marijuana cigarette next to defendant's bed, was admitted into evidence.

Defendant's attempt to distinguish his case from *Pagon* is unconvincing, because *Pagon* considered all the marijuana seized from the defendant's pocket and from his home as a single quantity. 64 N.C. App. at 298-99, 307 S.E.2d at 384. Furthermore, defendant cites no cases in support of his argument, and we find none, that the State is required to divide a quantity of a controlled substance and to identify which portion supports a charge of felony possession and which portion supports a charge of possession with intent to sell or deliver. In fact, a defendant can be convicted of both felony possession and possession with intent to sell or distribute under N.C. Gen. Stat. § 90-95 based on the same contraband. *See State v. Pipkins*, 337 N.C. 431, 434, 446 S.E.2d 360, 362 (1994) (examining legislative intent and holding that the offenses of felonious possession of cocaine and trafficking in cocaine by possession, based on the same contraband, may be punished separately); *State v. Perry*, 316 N.C. 87, 104, 340 S.E.2d 450, 461 (1986) (A "defendant may be convicted and punished separately for trafficking in heroin by possessi[on] . . . , trafficking in heroin by manufacturing . . . , and trafficking in heroin by transport[ation] . . . even when the contraband material in each separate offense is the same heroin.")

### III. Possession of Drug Paraphernalia

**[3]** Defendant assigns error to the jury instruction on the intent for which defendant possessed drug paraphernalia:

> That the defendant [possessed drug paraphernalia] with the intent to use said drug paraphernalia in order to smoke, buy or sell marijuana, a controlled substance which would be unlawful to possess. Again, marijuana is a controlled substance in North Carolina that is unlawful to possess.

> So if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant unlawfully and knowingly possessed with intent to use certain drug paraphernalia in order to *smoke, buy or sell* marijuana, a controlled substance which would be unlawful to possess, then it would be your duty to return a verdict of guilty.

---

whether a crime is in fact a lesser offense that merges with the greater offense." (Internal citations omitted.)).

(Emphasis added.) Defendant argues that this instruction was error because it varied from the pattern jury instruction to which defendant agreed at trial.[5]

Word for word conformity of the jury instructions to the pattern instructions is not required; substantial conformity is all that is required. *State v. Brewington*, 352 N.C. 489, 523, 532 S.E.2d 496, 516 (2000) ("Even though the trial court's instructions were not precisely identical to the pattern jury instructions, they were substantially so, and defendant cannot show how the trial court's instruction prejudiced him. This assignment of error is overruled."), *cert. denied*, 531 U.S. 1165, 148 L. Ed. 2d 992 (2001).

We conclude that the jury instructions *sub judice* substantially conformed to the pattern jury instruction to which defendant agreed. The pattern jury instruction reads, in pertinent part:

[T]hat the defendant [possessed drug paraphernalia] with the intent to use said drug paraphernalia in order to (*name unlawful use; e.g., process*), a controlled substance which would be unlawful to possess. ((*Name substance*) is a controlled substance in North Carolina that is unlawful to possess.)

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant unlawfully and knowingly [used] [possessed with intent to use] certain drug paraphernalia in order to (*name unlawful use; e.g., process*) a controlled substance which would be unlawful to possess, then it would be your duty to return a verdict of guilty.

N.C.P.I.—Crim. 260.95. The footnotes to N.C.P.I.—Crim. 260.95 note that "G.S. § 90-113.22 gives a shopping list of unlawful uses, i.e.: to plant, cultivate, manufacture, etc.[,]" *id.* n.1, and "G.S. § 90-113.21 [has] a more detailed definition of the term drug paraphernalia[,]" *id.* n.2. Therefore, substantial conformity to N.C.P.I.—Crim. 260.95 allows the trial court to insert any of the provisions of either section 90-113.21 or section 90-113.22, including the statutory provision that

---

5. Defendant also argues that this error was compounded because the jury instruction did not track the statutory language of N.C. Gen. Stat. § 90-113.22, and did not conform to the language of the indictment. However, defendant did not argue to the trial court or in his brief that the indictment was defective, or that the pattern instruction was at odds with the indictment or the statute, therefore we need only to measure the instruction given against the pattern jury instruction. *See* N.C. Gen. Stat. § 15A-1443(c) (2005) ("A defendant is not prejudiced by the granting of relief which he has sought . . . .").

" 'drug paraphernalia' means all equipment, products and materials of any kind that are used to facilitate, or intended or designed to facilitate, violations of the Controlled Substances Act," N.C. Gen. Stat. § 90-113.21(a) in the blank for *name unlawful use.*

The trial court inserted "smoke, buy or sell" in the blank. "Selling" a controlled substance is an act expressly prohibited by the Controlled Substances Act. N.C. Gen. Stat. § 90-95(a)(1) (2005). "Buying" a controlled substance implies taking possession, an act also prohibited by the Controlled Substances Act. N.C. Gen. Stat. 90-95(a)(3) (2005). "Smoking" a controlled substance is a way to "inhale, or otherwise introduce [it] into the body[,]" an act prohibited by N.C. Gen. Stat. § 90-113.22 (2005). Because each of the acts named as unlawful by the trial court in the jury instruction are prohibited by either the Controlled Substances Act or by N.C. Gen. Stat. § 90-113.22, we conclude that defendant's argument is without merit.

IV. Admission of Purported Confession

[4] Defendant contends that the trial court committed plain error by admitting his purported confession. Defendant, citing *State v. Walker,* 269 N.C. 135, 152 S.E.2d 133 (1967) and *State v. Bartlett,* 121 N.C. App. 521, 466 S.E.2d 302 (1996), argues that because defendant's purported confession was neither verified by defendant nor a verbatim record of defendant's words, it was not admissible. Defendant argues that because the purported confession included evidence relevant to possession with intent to sell or deliver marijuana, maintaining a dwelling for purposes of keeping or selling of a controlled substance, and possession of drug paraphernalia, he is entitled to a new trial on those three charges. However, defendant did not object to the admission of the purported confession at trial, so this Court may review only for plain error. N.C.R. App. P. 10(c)(4).

"A prerequisite to our engaging in a 'plain error' analysis is the determination that the [evidentiary admission] complained of constitutes 'error' at all." *State v. Torain,* 316 N.C. 111, 116, 340 S.E.2d 465, 468, *cert. denied,* 479 U.S. 836, 93 L. Ed. 2d 77 (1986). *Walker* states the general rule regarding the admission of a purported confession:

> If a statement purporting to be a confession is given by [the] accused, and is reduced to writing by another person, before the written instrument will be deemed admissible as the written confession of [the] accused, he must in some manner have indicated his acquiescence in the correctness of the writing itself. If the

transcribed statement is not read by or to [the] accused, and is not signed by [the] accused, or in some other manner approved, or its correctness acknowledged, the instrument is not legally, or *per se*, the confession of [the] accused; and it is not admissible in evidence as the written confession of [the] accused.

269 N.C. at 139, 152 S.E.2d at 137 (citation and quotation marks omitted). *Bartlett* recognized an exception to the general rule of *Walker*, holding that even if the defendant fails to verify the correctness of a statement, the statement will still be admissible "if it is a verbatim record of the questions asked and the answers given by him." 121 N.C. App. at 522, 466 S.E.2d at 303 (citation, internal quotation marks, ellipses and brackets omitted).

In the case *sub judice*, it is undisputed that the only evidence of defendant's answers during his police interview was Sergeant Prevette's rough hand-written notes, which were not verbatim. Sergeant Prevette did not follow up with defendant to have defendant look over and confirm his notes as an accurate representation of defendant's answers. Defendant never returned to give his approval or indicate "his acquiescence in the correctness of the writing itself." 269 N.C. at 139, 152 S.E.2d at 137. Therefore, allowing defendant's purported confession to be read to the jury was error.

However, because defendant did not object at trial to the reading of the confession, we review only for plain error. N.C.R App. P. 10(c)(4). A plain error is an error "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Carroll*, 356 N.C. 526, 539, 573 S.E.2d 899, 908 (2002) (citations and quotation marks omitted), *cert. denied*, 539 U.S. 949, 156 L. Ed. 2d 640 (2003).

Absent defendant's confession, the jury had sufficient "weighty" evidence so that the admission of the purported confession did not have a probable impact on the outcome of the trial as to the charges of possession with intent to sell or deliver marijuana and possession of drug paraphernalia. *See Bartlett*, 121 N.C. App. at 523, 466 S.E.2d at 303. Even without the purported confession, the jury heard the officers' testimony about the nearly three ounces of marijuana, digital scales and other paraphernalia they discovered after defendant instructed them where the drugs were located. There was also evidence that the officers discovered the marijuana, paraphernalia and a semi-automatic handgun in close proximity. *See, e.g., State v.*

*Mitchell,* 27 N.C. App. 313, 317, 219 S.E.2d 295, 298 (1975) ("The quantity of narcotics found in defendant's possession, its packaging, its location, and the paraphernalia for measuring and weighing were all circumstances from which it could properly be inferred that it was possessed for sale rather than for personal use." (Citation and quotation marks omitted.)), *disc. review denied,* 289 N.C. 301, 222 S.E.2d 701 (1976). Taken together, the State presented strong evidence that defendant possessed marijuana with the intent to sell or deliver and that he was also in possession of drug paraphernalia. Therefore, it is not probable that the jury would have reached a different verdict without the admission of defendant's purported confession. *Carroll,* 356 N.C. at 539, 573 S.E.2d at 908.

However, the only evidence before the jury that defendant maintained the dwelling at 178 Loggerhead Road was his purported confession. We conclude that it is probable that the jury would not have convicted him of the offense of maintaining a dwelling for purposes of keeping or selling of a controlled substance absent the erroneous admission of the purported confession. Accordingly, defendant is entitled to a new trial on that charge.[6] *State v. Collins,* 334 N.C. 54, 63, 431 S.E.2d 188, 193 (1993).

V. Conclusion

We conclude that the State presented sufficient evidence to support both of the possession counts and the charge of maintaining a dwelling for purposes of keeping or selling of a controlled substance. We also conclude the trial court's instructions on possession of drug paraphernalia were not error. However, we conclude that the trial court erred by admitting defendant's purported confession. The error did not rise to plain error as to the charge of possession of marijuana with intent to sell or deliver or the charge of possession of drug paraphernalia, but it did rise to plain error as to the charge of maintaining a dwelling for purposes of keeping or selling a controlled substance. Because the trial court committed plain error, defendant is entitled to a new trial on the charge of maintaining a dwelling for purposes of keeping or selling a controlled substance. The trial court consolidated defendant's convictions for the purpose of sentencing, so as a result of granting defendant a new trial on one of the convictions, we remand for resentencing on the remaining convictions.

---

6. Defendant assigned error to the trial judge's failure to include a definition of "maintain" in his instruction on the offense of maintaining a dwelling for the keeping or selling of controlled substances. Because we have granted a new trial on other grounds for that charge, the assignment of error is moot and will not be reviewed.

New trial in part, no error in part, remand for resentencing.

Judges HUNTER and ELMORE concur.