An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-308

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

STATE OF NORTH CAROLINA

|                              |                                         |
|------------------------------|-----------------------------------------|
| v.                           | Gaston County                           |
|                              | Nos. 13 CRS 7708, 55426, 55428,         |
|                              | 55430                                   |
| JOHNTIA LUWONZIA BARNETTE    |                                         |

Appeal by defendant from judgments entered 26 September 2013 by Judge Jesse B. Caldwell, III in Gaston County Superior Court. Heard in the Court of Appeals 28 August 2014.

> *Roy Cooper, Attorney General, by Martin T. McCracken, Assistant Attorney General, for the State.*
>
> *Patterson Harkavy LLP by Narendra K. Ghosh for defendant-appellant.*

STEELMAN, Judge.

Where an officer's affidavit in support of an application for a search warrant was based upon the testimony of a named witness, this constituted sufficient indicia of reliability to support the issuance of the search warrant. Since defendant failed to raise a constitutional issue at trial, it must be dismissed and is not subject to plain error review. Where the

State presented substantial evidence of each element of the charges of felony maintaining a dwelling for controlled substances, possession of cocaine with intent to manufacture, sell, and deliver, and possession of drug paraphernalia, the trial court did not err in denying defendant's motions to dismiss these charges.

## I. Factual and Procedural Background

On 6 May 2013, Officer C.A. Cape of the Gastonia Police Department (Officer Cape) stopped a prostitute in possession of a crack pipe. Officer Cape learned that she had purchased crack cocaine from a person named Sweat at Room 122 of the Red Carpet Inn. Officer Cape went to Room 122, and met its occupant, Jomonyak Sanders (Sanders), who consented to a search of the room. The search revealed a digital scale with crack cocaine residue, and several crack pipes. Sanders told Officer Cape that he had purchased the cocaine from a man called R2 at a house located at 403 North Boyce Street in Gastonia. The second occupant of the room, identified only as a known prostitute, identified R2 as Johntia Barnett (defendant). Sanders identified the house when he rode past it with Officer Cape. Based upon the statements of Sanders and the unnamed prostitute, Officer Cape obtained a search warrant for 403 North Boyce.

On 5 May 2012, at 11:32 p.m., Officer Cape and other law enforcement officers executed the search warrant. When one of the residents saw and recognized Officer Cape, he slammed the door shut and locked it, requiring officers to use a battering ram to force the door open. Upon entering the house, Officer Cape found five persons in the house, one of whom was the defendant. A search revealed a substance that Officer Cape believed to be crack cocaine, a digital scale, and a .22 caliber rifle. The crack cocaine and scale were in plain view on a kitchen counter, next to a box of plastic baggies. The substance was later confirmed by the North Carolina Crime Lab to be approximately .73 grams of cocaine base, commonly known as crack cocaine.

Officer Cape and his team seized the items, moved them to the kitchen, and asked the persons in the house who owned them. All of the persons denied ownership. When Officer Cape indicated that he would have to arrest everyone, defendant made the statement, "I'll take the charges." Officer Cape further testified that, prior to being taken to jail, defendant stated that "he was residing there because he didn't have anywhere else to stay."

Defendant was charged with possession with intent to manufacture, sell, and deliver cocaine; felony maintaining a dwelling for keeping and selling controlled substances; possession of drug paraphernalia; possession of a firearm by a felon; and being an habitual felon. Prior to trial, defendant moved to suppress the evidence seized, based upon a lack of probable cause to issue the search warrant. On 24 September 2013, the trial court denied this motion.

The jury found defendant guilty of possession with intent to manufacture, sell, and deliver cocaine, possession of drug paraphernalia, and felony maintaining a place for controlled substances. Defendant was found not guilty of possession of a firearm by a felon. Defendant pled guilty to habitual felon status. On 26 September 2013, the trial court entered a consolidated judgment, sentencing defendant to 72-99 months imprisonment.

Defendant appeals.

## II. Motion to Suppress

In his first argument, defendant contends that the trial court erred in denying his motion to suppress the evidence seized pursuant to the search warrant. We disagree.

## A. Standard of Review

Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

## B. Analysis

Officer Cape submitted an affidavit to the magistrate in support of his application for a search warrant, attesting that he had learned about the defendant being the source of cocaine, and the location of the house where the cocaine was sold, from Sanders and the unnamed prostitute. The affidavit did not state that either was a reliable informant. Defendant contends that Sanders and the prostitute were not reliable informants, that the search warrant was issued in error, and that the trial court erred in denying his motion to suppress.

Our Supreme Court has held that the fact that an informant was named and identified in a search warrant affidavit provides

a magistrate with enough information to permit him to determine the informant to be reliable. *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991). Further, our Supreme Court has also held that statements against penal interest carry their own indicia of credibility sufficient to support a finding of probable cause to search. *State v. Arrington*, 311 N.C. 633, 641, 319 S.E.2d 254, 259 (1984).

Defendant contends, however, that this reliability should not apply to criminals. Defendant cites to authority from other states, which is not binding upon this court, to support his argument. Defendant does not cite to any cases from North Carolina supporting his argument.

While we recognize that there exist arguments for holding that a criminal cannot be a "citizen-informant" and thus considered reliable, we are bound by North Carolina precedent, which holds that a named informant offers sufficient indicia of reliability for a magistrate to properly issue a search warrant. We hold that the trial court did not err in denying defendant's motion to suppress.

This argument is without merit.

### III. Exclusion of Incriminating Statements

In his second argument, defendant contends that the trial court committed plain error in failing to exclude defendant's incriminating statements. We disagree.

## A. Standard of Review

"[A] constitutional issue not raised at trial will generally not be considered for the first time on appeal." *State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009).

We "review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).

## B. Analysis

When Officer Cape searched the residence at 403 North Boyce and seized items from the kitchen, he asked the occupants of the house to whom the seized items belonged. Cape indicated that he would arrest all of the occupants. Defendant responded that he would "take the charges." Defendant further stated that he was residing at the house because he "didn't have anywhere else to stay." There was no evidence that defendant was advised of his

*Miranda* rights prior to making these statements. Defendant contends that the trial court committed plain error in admitting these statements.

In the instant case, defendant did not object to the admission of these statements, nor did he raise a constitutional issue pursuant to *Miranda*. Our Supreme Court has "previously decided that plain error analysis applies only to instructions to the jury and evidentiary matters." *State v. Cummings*, 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000) (quoting *State v. Greene*, 351 N.C. 562, 566, 528 S.E.2d 575, 578 (2000)), *cert. denied*, 532 U.S. 997, 149 L. Ed. 2d 641 (2001). In *Cummings*, the Supreme Court held that failure to object to constitutional error at trial constituted waiver, and could not be raised on appeal via plain error review. *Id.* This issue is not properly before us, and is dismissed.

Even assuming *arguendo* that we could review this issue, because defendant failed to object at trial, we could review this issue only for plain error.

Defendant contends that these statements constitute plain error because, absent the statements, there was no evidence that defendant maintained the dwelling at 403 North Boyce. He further contends that, without evidence that defendant

maintained the dwelling, there was no evidence to support possession of cocaine or possession of drug paraphernalia.

This is not correct. In defendant's brief, he acknowledges that Sanders testified at trial that he had purchased cocaine from defendant at 403 North Boyce. Because this evidence supports a finding that defendant maintained the residence for purposes of controlled substances, defendant's argument, which is predicated upon the deficiency of the evidence with respect to that charge, fails.

We hold that defendant has failed to show that he was prejudiced by the admission of these statements. The trial court did not commit plain error in admitting defendant's statements.

This argument is without merit.

## IV. Motion to Dismiss

In his third and fourth arguments, defendant contends that the trial court erred in denying his motions to dismiss the charges of felony maintaining a dwelling, possession of cocaine with intent to manufacture, sell, and deliver, and possession of drug paraphernalia. We disagree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

## B. Analysis

Defendant first argues that there was not substantial evidence to support the charge of maintaining a dwelling, because there was no evidence that defendant maintained the house at 403 North Boyce.

To obtain a conviction for maintaining a dwelling for the purpose of keeping or selling controlled substances under N.C. Gen. Stat. § 90-108(a)(7), "the State has the burden of proving a defendant: (1) knowingly or intentionally kept or maintained; (2) a building or other place; (3) being used for the keeping or selling of a controlled substance." *State v. Fuller*, 196 N.C.

App. 412, 424, 674 S.E.2d 824, 832 (2009) (citation omitted). "To determine whether a person keeps or maintains a place under N.C. Gen. Stat. § 90-108(a)(7), the court considers the following factors, none of which are dispositive: ownership of the property, occupancy of the property, repairs to the property, payment of utilities, payment of repairs, and payment of rent." *Id.* (citation and quotations omitted). "The determination depends on the totality of the circumstances." *Id.* However, "occupancy, without more, will not support the element of 'maintaining' a dwelling." *State v. Spencer*, 192 N.C. App. 143, 148, 664 S.E.2d 601, 605 (2008). "A pivotal factor is whether there is evidence that defendant owned, leased, maintained, or was otherwise responsible for the premises." *State v. Boyd*, 177 N.C. App. 165, 174, 628 S.E.2d 796, 804 (2006).

In the instant case, defendant was found at the 403 North Boyce residence when the search was executed. Sanders had told police that he had purchased cocaine from defendant at 403 North Boyce. Cocaine was found during the search of those premises. Defendant further stated to police that he was staying at 403 North Boyce because he didn't have any place else to stay. We have previously held that a defendant's statement that he

resided at a particular place "was substantial evidence that defendant maintained the dwelling." *Spencer*, 192 N.C. App. at 148, 664 S.E.2d at 605. In the instant case, we hold that the State presented substantial evidence of each element of the charge of felony maintaining a dwelling for controlled substances. The trial court did not err in denying the defendant's motion to dismiss the charge of felony maintaining a dwelling.

Defendant next argues that there was not substantial evidence to support the charges of possession of cocaine with intent to manufacture, sell, and deliver, and possession of drug paraphernalia, because there was no evidence that defendant controlled the house at 403 North Boyce.

"A person has actual possession of a controlled substance if it is on his person, he is aware of its presence, and, either by himself or together with others, he has the power and intent to control its disposition or use." *State v. Alston*, 193 N.C. App. 712, 715, 668 S.E.2d 383, 386 (2008) *aff'd*, 363 N.C. 367, 677 S.E.2d 455 (2009). "Constructive possession [of a controlled substance] occurs when a person lacks actual physical possession, but nonetheless has the intent and power to maintain control over the disposition and use of the [controlled]

substance." *Id.* (quoting *State v. Wilder*, 124 N.C. App. 136, 139-40, 476 S.E.2d 394, 397 (1996)). "[U]nless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *Id.* (quoting *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989)).

In the instant case, defendant was found in the same residence as the cocaine and drug paraphernalia. Pursuant to *Alston*, because defendant did not have sole possession of the residence, the State had the burden of showing "other incriminating circumstances" before it could prove constructive possession. Once again, however, defendant's statement that he resided there, combined with Sanders' testimony that he purchased cocaine from defendant at 403 North Boyce, and the presence of cocaine and drug paraphernalia, constituted "other incriminating circumstances." We hold that this constituted substantial evidence of possession of both cocaine and drug paraphernalia. The trial court did not err in denying defendant's motions to dismiss the charges of possession of cocaine with intent to manufacture, sell, and distribute, and possession of drug paraphernalia.

This argument is without merit.

DISMISSED IN PART, NO ERROR IN PART.

Judge GEER concurs.

Judge HUNTER, Robert N., Jr. concurred prior to 6 September 2014.

Report per Rule 30(e).