IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-274

Filed 19 March 2025

Wake County, Nos. 21CR000684-910; 21CR202301-910

STATE OF NORTH CAROLINA

v.

DAVID LEE ROWLAND

Appeal by Defendant from judgments entered 16 March 2023 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 28 January 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Yvonne B. Walker, for the State-Appellee.*
>
> *Jarvis John Edgerton, IV, for Defendant-Appellant.*

COLLINS, Judge.

Defendant David Lee Rowland appeals from judgments entered upon guilty verdicts of various crimes, including keeping or maintaining a dwelling for the keeping or selling of controlled substances. Defendant argues that the trial court erred by denying his motion to dismiss the charge of keeping or maintaining a dwelling. We find no error.

## I. Background

On 7 June 2021, a grand jury indicted Defendant on charges of possession of a

firearm by a felon, trafficking in heroin by possession, and keeping or maintaining a dwelling. On 13 March 2023, Defendant's case came on for jury trial. The evidence at trial tended to show the following: Detectives with the Raleigh Police Department received information from an informant that Defendant was "selling bundles of heroin from his residence," which prompted them to initiate an investigation and conduct "trash pulls at the defendant's residence." On 22 January and 5 February 2021, the detectives searched the trash left outside Defendant's parents' home, wherein they discovered "suspected empty heroin bindles" and documents bearing Defendant's name and parents' address.

On 11 February 2021, the detectives executed a search warrant at Defendant's parents' home. During the execution, the detectives searched Defendant's bedroom and found one handgun; three "long guns"; 3,299 "bindles" or "little blue envelopes" of heroin; a digital scale; and a piece of mail addressed to Defendant at his parents' address. At trial, a forensic chemist presented expert testimony that the substance found in Defendant's room was approximately sixty-nine grams of heroin. Detective Martucci testified that the amount of heroin found in Defendant's bedroom was not consistent with personal use.

Defendant gave a voluntary interview to law enforcement on 11 February 2021, which was recorded and played for the jury. When asked by a detective how long he had stayed at his parents' home, Defendant responded, "I have been there for, uh, on and off since 2005." The detective then asked Defendant, "You said your room

is upstairs to the left, right?" and Defendant replied, "Yes."

At the close of the State's evidence, Defendant moved to dismiss all charges and argued specifically in part that, as to the charge of keeping or maintaining a dwelling, the State failed to meet its burden to show that "the dwelling has been kept or maintained over time for purposes of controlled substances." The trial court denied Defendant's motion. The jury found Defendant guilty on all charges. On 16 March 2023, the trial court entered two Judgments and Commitments, sentencing Defendant to two consecutive sentences totalling 240 to 310 months' imprisonment. Defendant gave oral notice of appeal in open court on 16 March 2023 and written notice of appeal on 20 March 2023.

## II.     Discussion

Defendant argues that the trial court erred by denying his motion to dismiss the charge of keeping or maintaining a dwelling because there was insufficient evidence of the "keeping or maintaining" element of the offense.

### A. Standard of Review

"In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Crockett*, 368 N.C. 717, 720 (2016) (quotation marks and citations omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Miller*, 363 N.C. 96, 99 (2009) (quotation marks and citation omitted). "In making its

determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Austin*, 279 N.C. App. 377, 382 (2021) (quotation marks and citation omitted). "Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *Crockett*, 368 N.C. at 720 (citation omitted).

## B. Element of Keeping or Maintaining

N.C. Gen. Stat. § 90-108(a)(7) governs the crime of keeping or maintaining a dwelling and provides that it is unlawful for any person

> [t]o knowingly keep or maintain any . . . dwelling house . . . or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article.

N.C. Gen. Stat. § 90-108(a)(7) (2023). To survive a motion to dismiss, the State must present substantial evidence that a defendant did (1) intentionally (2) keep or maintain (3) a dwelling (4) which is used for the keeping or selling (5) of controlled substances. *State v. Mitchell*, 336 N.C. 22, 31 (1994), *overruled in part on other grounds by State v. Rogers*, 371 N.C. 397 (2018). The element of keeping or maintaining "refers to possessing something for at least a short period of time . . . for a certain use." *Rogers*, 371 N.C. at 402 (a receipt found within the vehicle bearing

defendant's name and a date from two and a half months prior to his arrest was substantial evidence that defendant "kept or maintained" the vehicle pursuant to N.C. Gen. Stat. § 90-108(a)(7)).

While mere *occupancy* of a property, without more, will not support the "keeping or maintaining" element, "evidence of *residency*, standing alone, is sufficient to support the element of maintaining." *State v. Spencer*, 192 N.C. App. 143, 148 (2008) (emphasis added and citations omitted) (defendant's admission that he "resided at the home . . . was substantial evidence that defendant maintained the dwelling"); *see State v. Moore,* 188 N.C. App. 416, 424 (2008) (evidence supported residency where "defendant used, treated, and perceived the dwelling as his residence and not merely as a place he occupied . . . from time to time" (quotation marks and citation omitted)). Proof of residency may be established by a defendant's admission. *Spencer*, 192 N.C. App. at 148. Proof of residency may also be shown through circumstantial evidence. *See State v. Williams*, 242 N.C. App. 361, 371-72 (2015) (evidence supported residency where the defendant received mail at the house, kept personal effects at the house, and referred to the property as "his house").

Here, the State presented substantial evidence that Defendant kept or maintained a dwelling, because the evidence shows that Defendant was a resident of his parents' home. First, Defendant admitted during his interview with detectives that he had "been" at his parents' home "on and off since 2005," a period of more than fifteen years. This admission of residency, "standing alone, is sufficient to support

the element of maintaining." *Spencer*, 192 N.C. App. at 148 (citations omitted).

Furthermore, the State presented the following evidence that Defendant "used, treated, and perceived [his parents' home] as his residence and not merely as a place he occupied . . . from time to time," *Moore,* 188 N.C. App. at 424 (quotation marks and citation omitted): When directly questioned by a detective, Defendant admitted that an upstairs' bedroom in his parents' home was his room; detectives found a piece of mail on a dresser in Defendant's bedroom bearing his name and parents' address; detectives found a basket of men's clothing in Defendant's bedroom, along with "bindles and bundles of . . . heroin" inside a grocery bag that was located inside of the basket; detectives "found a Newport cigarette box that contained bindles of heroin," a digital scale, and a package of Narcan on Defendant's bedside table, and they "found a Smith & Wesson handgun on [Defendant's] bed"; Defendant admitted during his police interview that he had used heroin "on and off" for more than twenty years; and when questioned by a detective about the heroin found in his bedroom, Defendant responded "uh-huh" to using the heroin but denied selling it. This evidence further supports that Defendant kept or maintained a dwelling for the purposes of keeping or selling controlled substances. *See State v. Frazier*, 142 N.C. App. 361, 365-66 (2001).

As Defendant admitted to residing at his parents' home on and off for more than fifteen years, and there was abundant other evidence that Defendant resided at his parents' home, the State presented substantial evidence of the "keeping or

maintaining" element of N.C. Gen. Stat. § 90-108(a)(7).

## III.    Conclusion

Because the State presented substantial evidence that Defendant kept or maintained a dwelling for the purposes of keeping or selling controlled substances, the trial court properly denied Defendant's motion to dismiss.

NO ERROR.

Judges WOOD and GRIFFIN concur.